Bernard Tomson, J.
The defendant seeks an order to strike the cause from the Trial Calendar on the ground that the plaintiff’s statement of readiness does not comply with the Nassau County District Court Buies.
This contract action was originally commenced in the Second District and, after the defendant’s demand for a jury trial, was removed to the Central Jury Part. Along with the notice of trial, the plaintiff served and filed a statement of readiness which recites that all necessary or proper preliminary proceedings have been completed except for examinations before trial of the plaintiff and defendant. One week later the plaintiff served a notice of examination before trial.
Bule 13 of the Nassau County District Court Buies provides: ‘ ‘ In all civil actions in this court wherein all parties have appeared by attorney a statement of readiness shall be filed as required by Part Seven of the Buies of the Appellate Division of the Supreme Court and the County Court in all counties in the Second Judicial Department, and said Part Seven of such rules shall be deemed to apply in all respects in this court except that: (1) references therein to a note of issue shall be deemed to relate to the notice of trial under the UDCA; (2) all motions thereunder shall be made returnable as in Buie 7 hereof provided; and (3) the provisions of Bule VIII and related Buies of said Part Seven of the Buies of the Appellate Division which permit under specified conditions actions to recover damages for personal injuries or for death alleged to have been caused by negligence to be noticed for trial without *374 filing at the same time a statement of readiness shall not apply to this court other than to such actions in which a jury trial is demanded, and in such actions, however, no application for a preference shall, as in said Rules provided, be required to be made as a condition of permitting the filing of a notice of trial in advance of filing the statement of readiness.”
When read together, the Rules of the Appellate Division and subdivision (3) of rule 13 of the Nassau County District Court Rules only in a personal injury action to be tried by jury (1) permit the filing of notice of trial without a statement of readiness; (2) require the filing of a statement of readiness within one year of the date of the filing of the notice of trial. This, however, is not an action for personal injuries. Subdivision 3 of rule 13 does not apply. A statement of readiness, therefore, was required to have been filed “ as required by Part Seven of the Rules of the Appellate Division ” (rule 13). Since the statement of readiness here does not set forth, as is required by rule II of Part Seven, “ that all necessary or proper preliminary proceedings * * * have been completed by all parties or * * * that there has been a reasonable opportunity to complete them or that the parties do not intend to conduct them ” and the defendant’s motion to strike the action from the calendar has been made within 20 days as required by rule III, the motion, which rests on a ground found in rule IV, must be granted since permission to file the statement of readiness with leave to conduct or complete a pretrial examination was not sought under rule VI and rule VII is not here applicable (unusual and unanticipated conditions developing after action is placed on Trial Calendar and permission to conduct the examination is sought by motion).
The motion to strike the action from the Trial Calendar is granted.